## Myers *versus* Baltzell.

*Rights of Garnishee in Execution-Attachment.*

An execution-attachment does not change the relations with which it interferes, further than to transfer the right of the defendant resulting therefrom. It interferes in no way with any right of the garnishee, but leaves to him all the rights of set-off, defalcation or defence, incident to the relations existing at the time of the service.

Error to the Common Pleas of *Greene county.*

This was a proceeding in the court below under an attachment execution by Peter Myers against Lewis Roberts, with a clause of *sci. fa.* to Abraham Baltzell as garnishee; to which he pleaded *nulla bona*, and on this issue the parties went to trial.

After reading in evidence the judgment against Roberts, and the record of the attachment against Baltzell (which was served February 9th 1859), the plaintiff offered in evidence three judgments against Baltzell which had been assigned to Lewis Roberts by the original holder in 1853 and 1854; and by him on the 22d of February 1856 assigned to other parties as collateral security, but in which the last assignees had no further interest, having received the amount of their claims out of the real estate of Roberts.

The garnishee then offered in evidence the record of an action of ejectment brought by him against Lewis Roberts and two

[Myers *v.* Baltzell.

others to December Term 1856, to recover a balance of purchase-money for a house and lot in Waynesburg; by which it appeared that one D. A. Wooley, who had become the purchaser of the property at sheriff's sale, confessed a judgment January 31st 1857, to be released on the payment of the balance of the purchase-money due on an article of agreement between Baltzell and Roberts for the property, six months from date, "amount to be ascertained by prothonotary." He then offered a paper marked filed, which purported to be the calculation of the prothonotary for the balance due on the above-mentioned article of agreement; in which was included the three judgments against Baltzell, or so much thereof as had been assigned to Roberts. This evidence was objected to on the ground that the calculation was made after Roberts's interest in the house and lot had been divested by the sheriff's sale, and that there was no authority from Lewis to make this appropriation of the judgments assigned to him, so as to affect the interest of Myers, the attaching creditor; but the court below overruled the objection, and admitted the evidence. The garnishee having closed, the plaintiff offered in evidence the sheriff's deed to Worley above mentioned, dated March 28th 1856, to show that at the time the calculation was made by the prothonotary, Roberts had no interest in the property, and that no one had authority to make the appropriation. This offer was objected to by the garnishee, but the court overruled the objection and admitted the evidence.

The plaintiff then presented the following points, which were negatived by the court:—

1. That there is no evidence in the case that Lewis Roberts either authorized or directed that the judgments given in evidence by the plaintiff, should be applied to the extinguishment of the purchase-money; that the calculation of the prothonotary including these judgments of the balance of the purchase-money does not extinguish them, nor prevent the plaintiff from attaching them.

2. That the authority contained in the confession of the conditional judgment to the prothonotary to calculate the balance of the purchase-money did not authorize the prothonotary to take into calculation judgments which Roberts held against Baltzell, without Roberts's knowledge, consent, and authority, and which Roberts had not directed to be so applied.

The jury found for the defendant, and judgment having been entered on the verdict, the plaintiff sued out this writ, and assigned for error the following matters, to wit:—

1. The court erred in its answer to plaintiff's offer as contained in bill of exceptions, which offer was as follows:—" That after the plaintiff had given in evidence several judgments against Baltzell in favour of Roberts, and which were attached, the

[Myers *v.* Baltzel.]

defendant gave in evidence a judgment in ejectment to enforce the payment of purchase-money and a liquidation thereof, showing that the above judgments were included in the liquidation; the plaintiff then offered the sheriff's deed for the property on which the conditional judgment was given to David A. Worley, dated 25th of March 1856, for the purpose of showing that at the date of the confession of judgment and liquidation, Lewis Roberts had no interest in the property; and that neither the plaintiff in the conditional judgment, the prothonotary, or any one else, had the right, without Roberts's consent, to apply said judgments to the purchase-money."

2. The court erred in its answers to the plaintiff's first and second points.

*Downey* and *Black*, for plaintiff in error.

*Sayers* and *Gapen*, for defendant in error.

The opinion of the court was delivered, January 7th 1861, by

LOWRIE, C. J.—An execution attachment does not change the relations with which it interferes further than to transfer the rights of the defendant which result from those relations. It does not take away or abridge any right of the garnishee, and therefore it leaves to him all the rights of set-off, defalcation, and defence generally, which are incident to the relations existing at the time of the service of the attachment.

Here, very evidently, Baltzell not only had a claim which he might in some form set up as an extinguishment of the judgments of Roberts against him; but those judgments had in fact been extinguished two years before the attachment by being set off in another suit by Baltzell *v.* Roberts and others. The judgment in that case is conclusive of the right when we find the fact to be so; for we cannot, in this collateral proceeding, inquire into the nature of the confession or other evidence on which the judgment was founded. Roberts was a party to that suit, and the judgment of the court was that Baltzell should recover the amount due him, after deducting the amount of these judgments of Roberts against him. After that we inquire no further; the judgments are extinguished. Roberts could no longer enforce them, and his attaching creditor is no better off.

Judgment affirmed.