# PENN BANK, FOR USE, v. FARMERS D. N. BANK.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 8, 1889—Affirmed at Bar.

A bank obtaining commercial paper as indorsee, whether for collection or as owner, before an assignment by the maker for the benefit of creditors, may set off the amount thereof in a suit brought by the assignee to recover the maker's balance on deposit.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 253 October Term 1889, Sup. Ct.; court below, No. 302 September Term 1884, C. P. No. 1.

On September 23, 1889, the action by the Penn Bank, for

use of Henry Warner, assignee, against the Farmers Deposit National Bank, reported as Farmers D. N. Bank v. Penn Bank, 123 Pa. 283, came on for a second trial in the court below, before COLLIER, J. There was no change in the parties or pleadings, and by agreement the same testimony taken on the first trial was submitted to the jury, the same objections made and exceptions sealed.

The plaintiff requested the court to charge:

1. If the jury believe that the check of $88,000, exhibit No. 2, in this case, was taken by the defendant from the Germania Savings Bank, and the amount thereof credited in the account of the latter bank, on condition that in case of non-payment it should be returned to the Germania Savings Bank and the credit canceled, and that the said check was not paid, and the defendant notified the Germania Savings Bank of such non-payment, and tendered the check back to the latter bank, and charged back the amount of said check to said Germania Savings Bank's account, prior to the voluntary assignment of the Penn Bank to Henry Warner, as shown by the book of the defendant in evidence, then said check cannot be set off in this action, and the verdict should be for the plaintiff for the amount of his claim, with interest.

Answer: Refused.[1]

The defendant requested the court to charge:

1. That under all the evidence in the case, the Farmers Deposit National Bank, the defendant, has the right to set off the check, exhibit 2, in this action.

Answer: Affirmed.[2]

The jury found in favor of the defendant and certified a balance in its favor, as against the Penn Bank, for $64,781.71. Judgment having been entered on the verdict, the plaintiff took this writ, assigning for error:

1, 2. The answers to the points presented.[1] [2]

*Mr. S. A. McClung* (with him *Mr. A. M. Brown* and *Mr. H. A. Miller*), for the appellant.

Counsel cited: Adams v. Taylor, 2 Ala. 675; McDade v. Mead, 18 Ala. 214; Strouse v. Insurance Co., 5 Ohio (N. S.) 59; McGowan v. Budlong, 79 Pa. 470.

*Mr. D. T. Watson, Mr. G. W. Guthrie, Mr. P. C. Knox, Mr. James H. Reed, Mr. John M. Kennedy* and *Mr. James C. Doty,* for the appellee, were not heard.

Counsel cited, in their brief filed: Farmers D. N. Bank v. Penn Bank, 123 Pa. 283; Brown v. Clark, 14 Pa. 469; Ward v. Tyler, 52 Pa. 393.

PER CURIAM:
On the argument at Bar,

Judgment affirmed.