Daniel H. Bennett and Hiram C. Bennett, Copartners, trading as H. C. Bennett & Co., Appellants, *v.* William Campbell and Samuel S. Stewart, trading as William Campbell & Co., and the Girard National Bank, Garnishee.

*Assignment for creditors—Setting aside assignment under the New York law as to particular creditor—Attachment execution—Set-off.*

A firm in New York made an assignment for creditors. Plaintiffs by proper proceedings had the assignment set aside as to themselves for fraud upon them. The effect of setting aside an assignment for fraud as to one creditor under the New York law does not affect its validity as to others. Plaintiffs brought suit in Pennsylvania and summoned a bank as garnishee. The bank claimed the right to set off the assignors' notes, overdue when suit was brought, but which had not matured at the time of the assignment. *Held*, (1) that as to plaintiffs the assignment was legally nonexistent either in favor of or against them; (2) that the plaintiffs had no standing to object to the claim of set-off raised by the bank.

Argued Jan. 10, 1899. Appeal, No. 202, Jan. T., 1898, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., March T., 1897, No. 204, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Attachment in execution.

After the issue between plaintiffs and garnishee had been joined they agreed upon a case stated as follows:

1. Plaintiffs are judgment creditors of William Campbell & Company upon a judgment regularly entered in the above action, on March 16, 1897, for $36,252.08, besides interest and costs, in favor of plaintiffs and against defendants, on which judgment an attachment execution was regularly issued and served on March 16, 1897, on the said garnishee. In said action Daniel H. Bennett and Hiram C. Bennett, trading as H. C. Bennett & Company, are plaintiffs, William Campbell and Samuel S. Stewart, now or late trading as William Campbell & Company, are defendants, and the Girard National Bank is the garnishee. The full amount of said judgment is still due and unpaid.

2. The said William Campbell & Company, on December 13, 1895, executed and delivered, in the city of New York and state of New York, to William M. House, a general assignment for the benefit of the creditors of them, the said William Campbell & Company, or either of them, wheresoever situated, of all the property of said William Campbell & Company, or either of them, wheresoever situated, which assignment was regularly filed, according to the laws of the state of New York, in the office of the clerk of the city and county of New York, and an exemplification whereof was duly recorded in the office of the recorder of deeds of the city of Philadelphia on December 20, 1895, in deed book J. J. C., No. 169, page 160. The said assignee gave security and took possession of the assets of said William Campbell & Company, under said assignment, and said assignment was a valid assignment for the purpose of passing to said assignee the title to all of the property of said William Campbell & Company, subject to the provisions of the law for the annulment of said assignment recited in the sixth paragraph hereof, and the right of creditors to maintain and prosecute to judgment an action to set the same aside as fraudulent and void as to the attacking creditors.

3. At the time of the execution and delivery of said assignment the said garnishee held for value two promissory notes of said William Campbell & Company for $5,000 each, one of which matured on January 13, 1896, and the other of which

matured on February 4, 1896, upon both of which notes said garnishee obtained judgment against said William Campbell & Company, in the city and county of New York, on July 28, 1896.   Prior to the maturity of the first of said notes said garnishee had received notice of said assignment.

4. At the time of the execution and delivery of said assignment the said William Campbell & Company had on deposit with said garnishee the sum of $1,164.85.   Said sum was on deposit with said garnishee in the ordinary course of business and without any special restriction, lien, assignment or agreement of any kind, and has never been withdrawn from said, The Girard National Bank.

5. After regular proceedings in the Supreme Court of the state of New York, after due notice to all parties interested, the said assignment for benefit of creditors was by decree of said court duly set aside, annulled and made void for fraud as to plaintiffs alone by judgment entered in the office of the clerk of said court in the county of New York on February 24, 1897. Said Supreme Court was a court of competent jurisdiction, and had full power under the laws of the state of New York to make said decree.

6. It is the established law of the state of New York that an assignment for benefit of creditors may be set aside by a court of competent jurisdiction for fraud as to one of said creditors, without affecting its validity as to the others of said creditors, and that thereupon the creditor as to whom said assignment has been set aside may pursue his ordinary remedies by suit, judgment, execution and attachment of the property of the assignors in such assignment, which said assignment purported to assign and transfer, for the recovery of his claim, with the same effect as to him alone as if said assignment had never been made.

7. The said, The Girard National Bank, on February 12, 1897, began an action in the Supreme Court in the city and county of New York to have said assignment set aside as to it, the said bank, but said assignment has not yet been set aside as to it and said action is still pending, but no decree of any kind has yet been made in said action.   Prior to the beginning of said action, to wit: on or about May 15, 1896, the Girard National Bank filed with the said William M. House, assignee, the sworn

claim of the amount due it as aforesaid by the said William Campbell & Company, in accordance with the provisions of the laws of the state of New York in such case made and provided, which claim was afterwards filed with the referee in the matter of the accounting of said assignee under said assignment appointed by the court of competent jurisdiction over the accounts of said assignee, and so remains.

8. Said garnishee claims the right to set off against the amount on deposit with it at the date of the assignment the said two notes due it by William Campbell & Company, which right is denied by said plaintiffs.

9. If the court shall be of the opinion upon the foregoing facts that, at the date of service of said attachment, the said deposit of $1,164.85 was subject to plaintiffs' said attachment and that the said garnishee had not the right in defense thereto to set off against the said account of William Campbell & Company, said promissory notes of said William Campbell & Company, then judgment to be entered for the plaintiffs for the amount of said deposit, to wit: $1,164.85, with interest from the date of service of said attachment and costs; but if the court shall be of the opinion that the said garnishee had no money or property in its possession subject to plaintiffs' attachment or that the garnishee had the right at the date of service thereof to set off said notes against said deposit, then judgment to be entered for the garnishee with costs.

All rights of exception, appeal and certiorari are reserved to each party.

The court entered judgment in favor of the garnishee on the case stated.

*Error assigned* was in entering judgment for garnishee.

*Lewis Lawrence Smith,* for appellants.—The bank could not set off its notes: Chipman v. Bank, 120 Pa. 86; In re Hatch et al., 47 N. Y. Supp. 850.

The assignment is invalid as to appellants and valid as to appellee: Trickett on Assignments in Penna. sec. 202; Davis v. Perrine, 4 Edw. Ch. 62; Hone v. Henriques, 2 Edw. Ch. 120; Scouton v. Bender, 3 How. Pr. 185; Bostwick v. Menck, 40 N. Y. 383; Verplanck v. Van Buren, 76 N. Y. 247; Klapp v.

Shirk, 13 Pa. 589; Leeds v. Com., 83 Pa. 453; Market Nat. Bank v. Hofheimer, 23 Fed. Rep. 13; Zuver v. Clark, 104 Pa. 222; Smith's App., 117 Pa. 30; Kendall v. Coke Co., 182 Pa. 1.

Insolvent laws of a state are binding both upon its own citizens and upon foreign creditors who make themselves parties to proceedings under these insolvent laws by accepting dividends, becoming petitioning creditors, or in any way appearing and assenting to the jurisdiction: Cole v. Cunningham, 133 U. S. 115; Thompson v. Fry, 4 N. Y. Supp. 166; Frelinghuysen v. Nugent, 36 Fed. Rep. 236; Littlejohn v. Turner, 73 Wis. 113; Levy v. James, 49 Hun, 161; Artman v. Giles, 155 Pa. 409.

*Charles E. Morgan, Jr.,* with him *Francis D. Lewis,* for appellees.—The right of the plaintiffs in the judgment as against the garnishee are to be determined without reference to the assignment. The date of the issue of the attachment execution is the date at which the respective rights and defenses of appellants and appellee were fixed, and the debt or obligation then due by the defendants to the garnishee was the subject of set-off against the attachment execution: Roig v. Tim, 103 Pa. 115; Gunnis v. Cluff, 111 Pa. 512; Hotchkiss v. Roehm, 181 Pa. 65.

OPINION BY MR. JUSTICE MITCHELL, February 13, 1899:

Campbell & Company having made an assignment for the benefit of their creditors, the plaintiffs by appropriate proceedings in the Supreme Court of New York had the assignment set aside as to themselves for fraud upon them. It is not expressly said anywhere that Campbell & Company were residents and doing business in New York, but that seems to be intended to be taken as the fact. By the case stated it is agreed that under the law of New York an assignment for benefit of creditors may be set aside for fraud as to one creditor without affecting its validity as to the others, and that thereupon the creditor as to whom it has been set aside may pursue his ordinary remedies against his debtor and his debtor's property, with the same effect as to such creditor alone as if the assignment had never been made.

After the assignment had been so set aside as to them, plaintiffs obtained a judgment in the court below and issued an attachment execution against the bank as garnishee. Thereupon their rights, according to the law as agreed in the case stated,

were the same as if no assignment had ever been made. As to them the assignment was a nullity. With the assignment out of the way, the plaintiffs upon the service of the attachment succeeded to the rights of Campbell & Company against the bank, no less but no greater. That is the status of an attaching creditor by the settled law of Pennsylvania: Roig v. Tim, 103 Pa. 115. At the time of service of the attachment the bank held two overdue notes of Campbell & Company. As to Campbell & Company the right of set-off was unquestionable, and the same right existed against the plaintiffs who had in law taken Campbell & Company's place as the bank's creditor.

But it is argued for the appellants that the assignment having been duly made and recorded is binding upon the bank as between it and Campbell & Company and, having been made before the notes fell due, no right of set-off existed against the assignee, and therefore none could be asserted against the plaintiffs. In other words, the plaintiffs claim that they may treat the assignment as a nullity with regard to their own rights, while at the same time enforcing it as a binding restriction on the rights of the bank. This proposition does not command our assent. It extends the operation of the decree of the Supreme Court of New York beyond its legitimate scope. By the law as agreed in the case stated, the decree setting aside the assignment as to the plaintiffs left them in the position of creditors in the ordinary course of business. In any question arising between them and their debtor or his property, the status of fact was conclusively assumed to be that there was no assignment. But as to other creditors the decree made no change in status. Its purpose was to enlarge the rights of plaintiffs, not to affect those of other creditors. These the decree did not assume to touch; it left them where they were before. When the plaintiffs took their rights thus enlarged, or restored to their position before the assignment, they necessarily took them precisely as if the legally presumed status existed in fact, with all its legal incidents, favorable or unfavorable. As to other creditors in relation to the assignee or to each other, the decree of the court left everything untouched, and all questions so arising will be determined by the facts as they actually are, but as to plaintiffs the assignment is legally non-existent either in favor or against.

Judgment affirmed.