# Willis, Appellant, *v.* Curtze.

*Foreign attachment—Relative rights of plaintiff and garnishee—Judgment.*

Generally the garnishee in a foreign attachment may make any defense against the plaintiff in the writ that he could make against his original creditor.   The judgment in the attachment establishes only the existence of the debt due the plaintiff by his immediate debtor.   The plaintiff stands in no better position as to the thing attached than does his debtor, and any defense good against the latter will prevent a recovery against the garnishee.

In foreign attachment proceedings it appeared that the fund attached was the price of bonds purchased of a contractor who was constructing an electric railway, and who had received them in part payment under the terms of his contract.   The road was unfinished and the purchaser, who owned a number of bonds, was unwilling to buy more unless assured that the road would be completed.   In order better to secure the investment, it was arranged between these parties that the price of these bonds should be deposited with the garnishee in trust, and by him used to pay for materials and labor necessary for the completion of the road, as the work progressed.   *Held*, that the funds in the hands of the garnishee was not subject to attachment by the plaintiff.

Argued April 28, 1902.   Appeal, No. 37, Jan. T., 1902, by

plaintiff, from judgment of C. P. Erie Co., Sept. T., 1900, No. 108, on verdict for defendant in case of R. B. Willis v. International Construction Company, with notice to F. F. Curtze, Garnishee. Before McCollum, C. J., Mitchell, Dean, Fell and Potter, JJ. Affirmed.

Foreign attachment. Before Walling, P. J.

At the trial it appeared that the International Construction Company had a contract with the Erie Transit Company for the construction of an electric railway from Erie to Cambridge Springs. The contractor was to receive for the building of the road, stock and bonds of the company. W. C. Culbertson bought some of the bonds, and was willing to take others if he were assured that the road would be completed. It was accordingly arranged that he should deposit the price of the additional bonds with F. F. Curtze, garnishee, and that the latter should use the money to pay for materials and labor necessary for the completion of the road, as the work progressed.

Defendant presented this point:

1. If the jury find from the evidence that the funds in the hands of the garnishee was furnished by Mr. Culbertson under an agreement with the International Construction Company that said funds were to be used for the payment of materials, etc., thereafter to be furnished and put into the road, and that Curtze paid out said funds in accordance with the said agreement, then and in that case the plaintiff cannot recover and the verdict must be for the defendant. *Answer:* Affirmed. [1]

Plaintiff presented these points:

2. If the jury find from the evidence that the bonds of the electric railway were the property of the International Construction Company and owned by them at the time of the sale of said bonds to W. C. Culbertson, the money derived from the sale of the same would belong to said company and be liable to attachment. *Answer:* Refused under the facts in this case.

3. The defendant company could not dispose of their goods and effects, money and credits in preference to certain creditors as against the right of the plaintiff, a creditor of said company. *Answer:* Refused. [3]

4. The defendant company could not make F. F. Curtze a trustee of money belonging to said company, to be paid to cer-

tain creditors of the company to the exclusion of the plaintiff, and any money in the hands of F. F. Curtze, trustee, at the time of the attachment, or coming into his hands as such trustee up to the present time, would be liable to the attachment. *Answer:* Refused. [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*J. Ross Thompson,* of *J. Ross Thompson & Son,* with him *George M. Fletcher,* for appellant.—A debtor cannot dispose of his property by sale and place the proceeds in the hands of a third party so as to prevent a bona fide judgment creditor from attaching the same, to satisfy his claim.

*T. A. Lamb,* for appellee.—An attaching creditor stands in the shoes of the debtor; any equities that could be set up against the latter are equally available against the former: Patten v. Wilson, 34 Pa. 299.

OPINION BY MR. JUSTICE FELL, May 19, 1902:

Generally the garnishee in a foreign attachment may make any defense against the plaintiff in the writ that he could make against his original creditor. The judgment in the attachment establishes only the existence of the debt due the plaintiff by his immediate debtor. The plaintiff stands in no better position as to the thing attached than does his debtor, and any defense good against the latter will prevent a recovery against the garnishee: Farmers' & Mechanics' Bank v. Little, 8 W. & S. 207; Patten v. Wilson, 34 Pa. 299; Noble v. Thompson Oil Co., 79 Pa. 354.

The fund attached was the price of bonds purchased of a contractor who was constructing an electric railway, and who had received them in part payment under the terms of his contract. The road was unfinished and the purchaser, who owned a number of bonds, was unwilling to buy more unless assured that the road would be completed. In order better to secure the investment, it was arranged between these parties that the price of the bonds should be deposited with the garnishee in trust, and by him used to pay for materials and labor necessary

for the completion of the road, as the work progressed. The money was so used. Neither at the time of the service of the attachment, nor at any time thereafter, could the contractor have withdrawn this fund. It was pledged for a specific purpose, and the purchaser of the bonds had a vested right as to its appropriation under the agreement. The plaintiff, whose judgment was for a debt contracted before the purchase of the bonds, stood in the same position as the contractor.

The judgment is affirmed.