## BURNS & BELL v. LOWE et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 22, 1913.)

1. GARNISHMENT (§ 105*)—GARNISHING CREDITORS—RIGHTS.

Garnishing creditors occupy no better position with reference to the fund garnished than did their debtors at the service of the writ.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 216; Dec. Dig. § 105.*]

2. GARNISHMENT (§ 108*) — BANK DEPOSIT — OWNERSHIP OF FUND.

L., being indebted for rent, delivered to his wife $113, the proceeds of his crops, with instructions to pay it to the landlord. She instead deposited the amount in a bank to her credit and later drew against the fund in favor of the landlord a check for a larger amount, containing the $113. After delivery of the check, but before it was paid, the account in the bank was garnished in suit against L. *Held* that, to the extent of the $113 so deposited, the rights of the landlord were superior to those of the garnishing creditor, though the check be not regarded as an equitable assignment of so much of the funds to the wife.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 220–226; Dec. Dig. § 108.*]

3. PARENT AND CHILD (§ 9*)—EMANCIPATION.

A father may make a valid gift to his minor son in the absence of complaint by an existing creditor that the gift is fraudulent, whether the son has been emancipated or not.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 74, 111–135; Dec. Dig. § 9.*]

Appeal from District Court, Mitchell County; W. W. Beall, Judge.

Garnishment proceeding by Burns & Bell against C. C. Lowe and others. Decree for defendants, and the plaintiffs appeal. Affirmed.

L. W. Sandusky and C. H. Earnest, both of Colorado, Tex., for appellants. Royall G. Smith, of Colorado, Tex., for appellees.

SPEER, J. This is a garnishment suit wherein Burns & Bell, judgment creditors of C. C. Lowe, sought to hold City National Bank as garnishee; the fund in controversy being a deposit of $408.36 in the name of Mrs. Belle Lowe and the sum of $10 in the name of Ruel Lowe. The bank answered, disclosing these deposits, but alleging that the one was the separate property of said Belle Lowe and the other the individual property of said Ruel Lowe, and otherwise denying any indebtedness or liability to C. C. Lowe. The answer was traversed by the plaintiffs, and on the issues thus presented a trial was had before a jury resulting in a verdict and judgment against the plaintiffs, and they have appealed.

On the trial the court instructed as follows: "The uncontroverted evidence in this case shows that the rent item of $113 included in said $363 check was included in the deposit of Belle Lowe in the City National Bank of Colorado, Tex., and was paid out by said bank cashing said check. As to this item I charge you that the same was the property of W. L. Lowe, though deposited in said bank by Belle Lowe among other funds deposited in her name and was not subject to the garnishment herein, and as to this item the plaintiffs would not be entitled to recover." It is complained that this charge is erroneous because the item of $113 was community property of defendant C. C. Lowe and his wife, Belle Lowe, at the time of the service of the writ and was therefore subject to appellant's demand. The facts, however, appear to be undisputed that C. C. Lowe was indebted to W. L. Lowe, his landlord, for rents and delivered this sum of money, the proceeds of farm products grown by him, to his wife, with instructions to deliver the same to W. L. Lowe. Mrs. Lowe deposited this sum in the bank because she did not care to keep that amount of money around the place and gave to W. L. Lowe her check for $363, covering this and other items of indebtedness. It is undisputed that this check was drawn by Mrs. Lowe and accepted by W. L. Lowe prior to the service on defendant bank of the writ of garnishment, though the bank had not paid or accepted for payment the check.

[1] In this state of the evidence there was no error in the charge quoted, since appellants, as garnishing creditors, could occupy no better position with reference to the fund than did their debtor at the time of the service of the writ.

[2] Equity will not aid the statutory remedy of a garnishment, and, even though it should be held that the drawing of the check was not an assignment pro tanto of the funds of Mrs. Lowe in the bank in the sense that the bank could be sued on the same prior to acceptance, still as between C. C. Lowe and W. L. Lowe, and necessarily between appellants and W. L. Lowe, since appellants take the place of C. C. Lowe, the rights of W. L. Lowe are superior and the bank would not be liable to the writ. Neely v. Grayson County Nat. Bank, 25 Tex. Civ. App. 513, 61 S. W. 559; N. Y. Life Insurance Co. v. Patterson, 35 Tex. Civ. App. 447, 80 S. W. 1058.

[3] The remaining assignments in effect attack the sufficiency of the evidence to support the verdict finding that the deposits belonged, respectively, to Mrs. Lowe and Ruel Lowe. The evidence, we think, abundantly supports the conclusion that the small item of $10 to the credit of Ruel Lowe was a gift by the father to the son for minor services, and it is immaterial whether the son had been emancipated by the father or not.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

At all events, the father could make a valid gift even to his minor son, in the absence of a complaint by an existing creditor that such gift was fraudulent and void. There is no such complaint in this case. The evidence furthermore supports Mrs. Lowe's contention that the deposit in her name was a fund paid to her by her husband in repayment of borrowed money, the proceeds of an inheritance from her father.

There is no error in the judgment, and it is affirmed.