FARMERS' & MERCHANTS' STATE BANK OF TEAGUE v. SETZER. (No. 7549.)

(Court of Civil Appeals of Texas. Dallas. March 18, 1916. Rehearing Denied April 29, 1916.)

1. GARNISHMENT ⟐164 — INDEBTEDNESS TO GARNISHEE—SUFFICIENCY OF EVIDENCE.

In garnishment proceedings against a bank, evidence *held* insufficient to justify finding that, when the debtor placed a note for $1,320 in the bank for collection, there was no understanding that, when collected, the proceeds should be applied to the indebtedness due from him to the bank.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 302; Dec. Dig. ⟐164.]

2. GARNISHMENT ⟐105—EFFECT.

The effect of service of garnishment on a bank was to impound in its hands for payment of plaintiff's debt such sum or effects as the debtor had in the bank; plaintiff standing in no better position toward the funds than the debtor, and being entitled to them subject to reduction by any sum owing the bank from the debtor.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 216; Dec. Dig. ⟐105.]

3. GARNISHMENT ⟐130—RELATION BETWEEN BANK AND DEPOSITOR—APPLICATION OF DEPOSIT.

Where a bank collected a note due a depositor and credited the proceeds to him on his account, the bank had the right on being garnisheed by a creditor of the depositor, to apply the deposit to the payment of the depositor's indebtedness then due it.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 255–259; Dec. Dig. ⟐130.]

Appeal from District Court, Freestone County; A. M. Blackman, Judge.

Garnishment proceedings by E. G. Setzer against the Farmers' & Merchants' State Bank of Teague. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered for defendant.

Boyd & Bell and D. T. Garth, all of Teague, for appellant. W. E. Terrell, of Teague, for appellee.

RAINEY, C. J. Appellee caused a writ of garnishment to issue against appellant by virtue of a claim owing by F. G. Traynham

to appellee for $950. Appellant answered that it was not indebted to Traynham in any sum, nor had any effects in its hands belonging to him, but, on the other hand, Traynham was indebted to it in the sum of $3,000, which sum was past due and unpaid at the time of the service of the writ of garnishment, and asked for $50 attorney's fee. Appellee controverted the answer of appellant and charged that Traynham had a deposit to his credit in appellant bank of $1,320, and that he owned shares of stock in said bank estimated at $2,500, and prayed judgment. A trial was had before the court without a jury, and judgment was rendered against the appellant for $970, and costs of suit, from which judgment this appeal is taken.

On January 13, 1915, the writ of garnishment was issued ancillary to a suit brought by appellee against Traynham on a note due by Traynham in the district court of Freestone county, and the writ was served on the same day. That case was tried in April, 1915, and judgment rendered against Traynham, and during the same term of court judgment was rendered against appellant in the garnishment proceedings.

Traynham was a regular patron of appellant bank. On December 29, 1914, Traynham, according to his testimony and that of two other witnesses, placed in the bank a land note due him for $1,320, principal and interest, for collection, which when collected was to be credited on his indebtedness to the bank. Traynham's note to the bank was then held in Galveston as collateral security then owing by appellant bank. The bank collected said $1,320, but, not having possession of the Traynham note, placed said amount to Traynham's credit on a card, intending to transfer said credit to Traynham's note when received by them from Galveston. The bank used a card system in keeping its accounts, and placed the amount of collection on said card until about January 27, 1915, when the balance, $1,081.34, due by said card account was transferred as a credit to Traynham's note due the bank. After Traynham deposited the note for $1,320 he continued to patronize the bank, and drew several checks which the bank paid, until January 8, 1915, when the balance per the card was $1,283. On January 21, 1915, the bank paid a note due by Traynham for $202.55, and charged same to him on the card. Under the system of bookkeeping, the card system, there was no other method known by them for the keeping of their accounts straight under the circumstances, than keeping Traynham's account as it was. The bank's bookkeeper and one other witness testified that they never heard of Traynham's contract to apply the proceeds of said note when collected, nor was there any instruction to him that same was to be so applied. At the time of the service of the writ of garnishment Traynham

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

did not own any shares of stock in the bank.

The court found that at the time Traynham placed his note in the bank for collection there was no understanding that the proceeds were to be placed as a credit on the notes held by the bank against him; and it further held that the bank was indebted to Traynham in a greater amount than the claim of Setzer, which entitled Setzer to judgment against the bank for his claim.

[1, 2] We are of the opinion that the trial court was not justified under the evidence in finding that at the time Traynham placed the note for $1,320 in the bank for collection there was no understanding that, when collected, the proceeds were to be applied to the indebtedness due by him to the bank. The president and vice president of the bank and Traynham all testified that such was the understanding. The bookkeeper and some other employé testified that they did not personally know of such understanding, and that no instructions to that effect had been given them. The testimony of said employés, together with the manner of keeping such fund and paying the checks of Traynham, was evidently what the trial court based his judgment on. The testimony was not of sufficient probative force for such basis. The bank had the right to continue doing business with Traynham and the paying of money for Traynham and charging it to his account should not weigh against the bank, unless it had funds belonging to Traynham subject to garnishment. The effect of the service of garnishment was to impound in the hands of the bank for the payment of Setzer's debt such sum or effects as Traynham may have had therein, but he had no such. Setzer by his writ of garnishment stood in no better position toward said funds than Traynham, and surely it cannot be said that he could have demanded of the bank that it pay over to him said funds.

In Cyc. vol. 20, p. 1060, the principle is stated thus:

"Plaintiff seeking to subject a debt due to the principal defendant acquires no greater right by the service of a writ of garnishment than that which defendant could have asserted and enforced in an action against garnishee, and the fact that garnishment process has been served on the garnishee places him in no worse position and under no greater liability than he would have been in or under had action at law been brought against him by defendant." Ellison v. Tuttle, 26 Tex. 283; Burns v. Lowe, 161 S. W. 942; Neely v. Bank, 25 Tex. Civ. App. 513, 61 S. W. 559.

[3] The bank held Traynham's notes amounting in the aggregate to about $3,000, and the same were due and unpaid, and it had the right to apply as a credit on said notes any amount that it held of Traynham's; said amount being much less than the amount then due the bank. Aside from the fact as to whether or not there was an understanding that the proceeds of the Traynham note when collected were to be credited on his indebtedness, we think the appellee was not entitled to recover. By the collection of the note and the crediting of the proceeds to Traynham's account, as per the card, as between him and the bank the relation of debtor and creditor was created, and the right of the bank had accrued at the time the writ was served to apply said deposit to the payment of Traynham's indebtedness then due it. Gin Co. v. Bank, 89 Tex. 147, 33 S. W. 862.

"The principle is well settled that the garnishee or trustee may retain in his hands out of the funds of the principal defendant an amount equal to all sums of which he might legally avail himself by way of set-off, by any of the modes allowed by either the common or statute law, if the action were brought by defendant himself against such garnishee or trustee." 20 Cyc. 1077.

The evidence clearly shows that, had Traynham sued the bank to recover the said deposit, he could not have maintained his action, for the reason that the bank would have the right to set off said claim against the indebtedness due it.

From the evidence adduced, we think the court erred in holding that the bank was indebted to Traynham, and the judgment against the bank will be reversed, and judgment here rendered for appellant, together with costs.