## HOME NAT. BANK v. BARNES–PIAZZEK CO. (No. 11221.)*

(Court of Civil Appeals of Texas. Fort Worth. June 20, 1925. Rehearing Denied Nov. 14, 1925.)

Garnishment ⬯130—Garnishee bank, holding drafts showing balance due defendant in original action, not liable, where drafts dishonored and balance wiped out.

*In suit against garnishee bank, holding drafts of defendant in original action, which it charged to defendant's credit, defendant understanding that if drafts were not paid they would be charged against his account, the garnishee is not liable for balance shown in defendant's favor, where some of drafts were dishonored, wiping out balance; garnishee being a mere stakeholder, who cannot be placed in worse position than if sued by defendant in original action.*

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Action by the Barnes-Piazzek Company against the Home National Bank, garnishee. Judgment for plaintiff, and garnishee appeals. Reversed and rendered.

Kilpatrick & Kilpatrick, of Cleburne, for appellant.

J. M. Moore, of Cleburne, for appellee.

DUNKLIN, J. The Home National Bank of Cleburne has appealed from a judgment rendered against it as garnishee in favor of the Barnes-Piazzek Company.

The Barnes-Piazzek Company recovered a judgment against the Rayford Grain Com-

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 13, 1926.

pany and J. T. Rayford for the sum of $1,-925. The writ of garnishment sued out was against the appellant, Home National Bank of Cleburne, to impound any indebtedness which the bank might be found to owe the defendant in the original suit. The garnishee filed an answer, in which it was alleged that when the writ of garnishment was served upon it it held drafts which had been deposited by the Rayford Grain Company, payable to the order of the bank, drawn by the Rayford Grain Company on divers and sundry persons for the aggregate sum of $1,057.08, for which drafts the bank had given the Rayford Grain Company credit on its books, but that at the time of the deposit of said drafts the Rayford Grain Company owed the bank $791.02. Treating the drafts so deposited as cash credits, the books showed a balance to the credit of the Rayford Grain Company in the bank of $266.06, and the court rendered a judgment against the garnishee for that balance. The court further found that several of the drafts so deposited by the Rayford Grain Company in the garnishee bank, which aggregated $763.30, were dishonored by the drawees, and were returned uncollected. The garnishee then charged those drafts back against the depositor on its books. The books then showed that the Rayford Grain Company owed the bank a balance of $27.72. The court further found that at the time the drafts were deposited in the bank and credit given therefor the Rayford Grain Company and J. T. Rayford understood that if the drafts were not paid by the drawees that the same would be charged against the account of the depositor.

Upon the facts so stated, the court should have rendered a judgment in favor of the garnishee. It is a familiar principle that the garnishee is a mere stakeholder, and that under no circumstances can he, by operation of the garnishment proceedings against him, be placed in any worse position than he would be if the claim made against him by the plaintiff in garnishment were sought to be enforced by the defendant himself.

In Farmers' & Merchants' State Bank of Teague v. Setzer (Tex. Civ. App.) 185 S. W. 596, the following occurs:

"In Cyc. vol. 20, p. 1060, the principle is stated thus:

" 'Plaintiff seeking to subject a debt due to the principal defendant acquires no greater right by the service of a writ of garnishment than that which defendant could have asserted and enforced in an action against garnishee, and the fact that garnishment process has been served on the garnishee places him in no worse position and under no greater liability than he would have been in or under had action at law been brought against him by defendant.' Ellison v. Tuttle, 26 Tex. 283; Burns v. Lowe (Tex. Civ. App.) 161 S. W. 942; Neely v. Bank, 25 Tex. Civ. App. 513, 61 S. W. 559."

And again:

"The principle is well settled that the garnishee or trustee may retain in his hands out of the funds of the principal defendant an amount equal to all sums of which he might legally avail himself by way of set-off, by any of the modes allowed by either the common or statute law, if the action were brought by defendant himself against such garnishee or trustee."

That case was on facts very similar to the one at bar, and it was held that the garnishee bank was entitled to a discharge upon its answer by reason of the fact that the defendant in the original suit could not have enforced the claim against the bank which plaintiff in garnishment sought to enforce. See, also, 12 R. C. L. § 92, p. 850.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant.