Aarons *v.* Public Service Building & Loan
Association (et al., Appellant).

Argued January 8, 1935. Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

114

*Frederic L. Clark,* with him *P. Nicholson Wood,* of *Shields, Clark, Brown & McCown,* and *John Stokes Adams,* for appellant.

*Emil F. Goldhaber,* of *Aarons, Weinstein, Stone & Goldhaber,* for appellee.

*James McMullan,* of *Drinker, Biddle & Reath,* for Philadelphia Clearing House Association.

OPINION BY MR. JUSTICE LINN, March 25, 1935:

This appeal involves the garnishee's right, in attachment execution, to set off a debt due by defendant to the garnishee.[1]

On August 19, 1932, the garnishee bank held defendant's $25,000 demand note, on which $11,000 was owing. On the same date, defendant had a checking account with a credit of $4,966.55. The net result was that the bank was not indebted to defendant. Such cross demands extinguish each other by operation of the defalcation statute: Com. v. Clarkson, 1 Rawle 291; Fisher v. Davis, 278 Pa. 129, 122 A. 224.

With the accounts between the bank and its customer in that condition, the plaintiff, Aarons, on the same date, August 19, 1932, entered judgment against the defendant and caused attachment execution to be issued and served on the bank as garnishee. To the interrogatories, the garnishee, after stating the accounts summarized above, answered that, "in the exercise of its right of set-off," it

---

[1] See also Adolph Bergman Building & Loan Assn. v. Blaul, defendant, and Germantown Trust Company, garnishee, No. 231, January Term, 1935, and Joseph Melnick Building & Loan Assn. v. Melnick, defendant, and First Penny Savings Bank, garnishee, No. 344, January Term, 1933, argued at this term and reported post pages 126 and 120.

had credited the checking account on defendant's note, leaving a balance due the garnishee of $6,033.45. It also pleaded nulla bona. The case came on for trial, when, after the facts stated were shown, the learned trial judge directed a verdict for the plaintiff attaching creditor for $4,966.55, the amount in the checking account when the attachment was served. Subsequently a motion for judgment n. o. v. was made and refused. The garnishee appeals. The judgment cannot be sustained: the bank was entitled to the set-off.

The plaintiff, Aarons, desiring to collect his judgment out of defendant's property, asserted, in effect, that the amount to its credit in the checking account was property liable to execution. If, for the moment, we disregard the fact that the net result of the accounts showed a balance due to the bank, and assume that defendant had a credit in the deposit, because permitted by the bank to draw against it, this debt, or right conditionally to draw on the account, was a chose in action: Gartner v. Cassatt & Co., 313 Pa. 491, 169 A. 889; cf. Act of June 16, 1836, P. L. 755, sections 35 and 38. At common law, a chose in action could not be taken in execution: Heath v. Knapp, 10 W. 405; Rhoads v. Megonigal, 2 Pa. 39. A statute was required to enable a judgment creditor to proceed against such property. The right was granted by the Act of June 16, 1836, supra, section 22, 12 P. S., section 2113, providing: "The stock owned by any defendant in any body corporate, also, deposits of money in any bank, or with any person or body, corporate or politic, belonging to him, and debts due to him, shall be liable to execution, like other goods or chattels, subject nevertheless, to all lawful claims thereupon, of such body corporate, or person." See also sections 35 and 38, 12 P. S., sections 2265 and 2268. Soon afterward, in Farmers' and Mechanics' Bank v. Little, 8 W. & S. 207, 219, it was said that "the garnishee of a debt may plead anything against the plaintiff in the *scire facias* that he could plead against his own original creditor, except that the debt is

116

not presently demandable; and even that may be pleaded by him in stay of execution. In no other respect does the attaching creditor stand on other ground than that of the creditor for whom he has been substituted by the attachment as a statute assignment or execution." Cf. Restatement, Contracts, section 167.

The question, then, becomes this: Did the bank, as between it and the customer, have the right to plead, against a suit for the amount in the drawing account, the note due it from defendant?—or, what amounts to the same thing, credit it on the note? The answer must be in the affirmative. The statute did not increase the liabilities of the bank (Knight v. Red Ball Transit Co., 306 Pa. 371, 373-4, 159 A. 715); it merely required the garnishee to respond to the process of one standing in the depositor's place. Plaintiff must conform to the statute conferring the right. When he demands his judgment out of "deposits of money in any bank," or of "debts due to him" by the bank, he must show that there is a debt "belonging to" defendant; the right to execution on debts, or deposits of money, is expressly limited to be "subject nevertheless, to all lawful claims thereupon, of" the bank.

On August 19, 1932, when the writ was served, it could only attach the deposit or debt, subject to the bank's claim, and, as that claim extinguished defendant depositor's right to draw on the deposit, leaving nothing "belonging to" defendant, plaintiff took nothing by its writ; the larger debt to the bank had extinguished the smaller deposit credit by operation of law. The bank was not required first to make book entries charging one account and crediting the other before asserting its right to priority: Goldstein v. Jefferson Title & Trust Co., 95 Pa. Superior Ct. 167. If subsequently challenged, as here, the bank was only required to show that it had a "lawful claim" when the writ was served; unless allowed to show and rest on that, it would be deprived of the benefit of the statute and the plaintiff would get more than the statute granted. The garnishee is not limited to showing that it

once had a claim which, before the writ was served, was collected by a bookkeeping entry. To adopt plaintiff's interpretation, would render the "subject" clause nugatory.

It is at this point that the learned court below erred. "The bank," said the court (apparently treating the deposit as something tangible), "could not make the appropriation after service of the writ of attachment," and relied for that conclusion on Valiant v. Pleasonton et al., 108 Pa. Superior Ct. 197 (affirmed, without opinion, 311 Pa. 587), in which it was held that an "appropriation" before attachment was necessary. By appropriation, we assume, the learned court meant the making of book entries or similar records. We must disapprove the position taken as contrary to the decisions of this court and to the Act of 1836 (which, by the way, was not referred to in the briefs filed in the Valiant case in either court).

The interpretation of the statute is well settled. "The service of an attachment execution has the effect of an equitable assignment of the thing attached. It puts the garnishee in the relation to the attaching creditor which he had sustained to his former creditor. He may make the same defense to the attachment by evidence of set-off or of other equities that he might have made if sued by his original creditor": Roig v. Tim, 103 Pa. 115, 117. In Bennett v. Campbell, 189 Pa. 647, at 652, 42 A. 373, we said, "At the time of service of the attachment the bank held two overdue notes of Campbell and Company. As to Campbell and Company the right of set-off [against a deposit] was unquestionable, and the same right existed against the plaintiffs who had in law taken Campbell and Company's place as the bank's creditor [as depositor]." See also Myers v. Baltzell, 37 Pa. 491, 493; Willis v. Curtze, 203 Pa. 111, 113, 52 A. 5; Reichner v. Reichner, 237 Pa. 544, 547, 85 A. 877; Austin-Nichols Co. v. Union Trust Co., 289 Pa. 341, 346, 137 A. 461; Knight v. Red B. T. Co. et al., supra. At this point, it may be noted that defendant's demand note was due without formal de-

mand for payment, and the statute of limitations began to run when the note was made and delivered: Boustead v. Cuyler, 116 Pa. 551, 8 A. 848; Swearingen v. Dairy Co., 198 Pa. 68, 71, 47 A. 941; Cook v. Carpenter, 212 Pa. 165, 169, 61 A. 799; Dominion Trust Co. v. Hildner, 243 Pa. 253, 254, 90 A. 69.

The right of defalcation is conferred by the Act of 1705, 1 Sm. L. 49, section 1, 12 P. S. 601. The bank could have asserted the right in a suit by the defendant for the deposit: Farmers Dep. N. Bank v. Penn Bank, 123 Pa. 283, 16 A. 761; 130 Pa. 209, 20 A. 150; Bennett v. Campbell, supra. That right is not taken away by the attachment execution authorized by the Act of 1836: Strong's Exr. v. Bass, 35 Pa. 333; Myers v. Baltzell, supra; Roig v. Tim, supra; Hemperly v. Tyson, 170 Pa. 385, 32 A. 1081; Bennett v. Campbell, supra. It may be claimed, or not, at the option of the garnishee (Louden v. Tiffany, 5 W. & S. 367; Reed v. Penrose's Exrx., 36 Pa. 214), and need not be asserted until some one shall, in the words of the statute, "commence an action"; at which time, the act provides, "it shall be lawful for such defendant to plead." If cross demands are pleaded and proved, they extinguish each other. The right to set-off may be asserted by a garnishee; according to the statute, it need not be asserted until a suit is brought.

Plaintiff's action, as related to the bank, was begun by the writ of attachment execution. "As to the defendant in the judgment on which it issues, it is a species of execution process, but as to the garnishee who becomes a party defendant therein, it is an original process—a summons commanding him to appear and show cause, if any he has, why judgment in favor of the plaintiff should not be levied of the goods and effects of the defendant in his hands. In form as well as in effect, the summons clause of an attachment execution, required to be served on the garnishee, is in every proper sense of the term a 'writ' . . . .": Kennedy v. Ins. Co., 165 Pa. 179, 183, 30 A. 724. See also First Nat. Bank of New Bethlehem v. Maikranz,

44 Pa. Superior Ct. 225. The garnishee in the attachment is a defendant within the Defalcation Act. There can be no doubt, therefore, of the bank's right in the garnishment to plead any available set-off, and that Valiant v. Pleasanton et al., supra, which the learned court below properly followed, must now be overruled on the point in question.[2]

Appellee suggests that the bank has not adequately pleaded its right to set off its claim, that it should have formally set up a "counterclaim" in the answers to the interrogatories. We are not impressed by the contention as presented on this record. The proceeding is, in part, equitable. It was necessary that plaintiff have adequate notice of the issue to be tried, but the phraseology was not material, if the substance was sufficient. The answers fully set forth the accounts, the exercise of the right to credit the deposit on the note-debt, the exercise by the garnishee "of its right of set-off." On that issue the parties went to trial; there was no surprise. We must dispose of the case on its merits.

The judgment is reversed and is here entered for the Integrity Trust Company, as garnishee.

---

[2] As we are dealing with bank deposits, it may be noted that in other jurisdictions—under their own attachment and set-off laws—the right to set off a due or demand obligation against the deposit is uniformly sustained. See Schuler v. Israel, 120 U. S. 506; U. S. v. Bank of Shelby, 68 Fed. (2d) 538; Birmingham Bank v. Mayor, 104 Ala. 634; Bank v. Minge, 186 Ala. 405; Bank of Commerce v. Franklin, 90 Ill. App. 91; Levinson v. Home Bank and Trust Co., 337 Ill. 241; Wallace v. Bank, 116 S. W. 351 (Kentucky); Farmer's and Merchant's Bank v. Franklin Bank of Baltimore, 31 Md. 404; Lannan v. Walter, 149 Mass. 14; Sternheimer v. Harris, 253 Mass. 169; Wunderlich v. Merchant's Nat. Bank, 109 Minn. 468; Sler v. Reiger & Co., 69 Mo. App. 64 (cf. Manufacturers' Nat. Bank v. Jones, 2 Penny. 377; 99 Pa. 317); Bank v. Setzer, 185 S. W. 596 (Texas); Home Nat. Bank v. Barnes-Piazzek Co., 278 S. W. 299 (Texas).