## Roach v. Nilson

*Butler & Butler,* for plaintiffs.

*Pitt & Agulnick,* for defendants.

*Pitt & Agulnick,* for garnishee.

GAWTHROP, P. J., March 27, 1969.—Plaintiffs proceeded in assumpsit by foreign attachment against funds held by garnishee under a written escrow agreement in connection with settlement for defendants' sale and conveyance of certain real estate to one, Edwards and wife. After service on garnishee, both defendants and garnishee filed preliminary objections averring facts under oath in accordance with Pennsylvania Rule of Civil Procedure 1268 (b) raising the defense that no property of defendant was in the possession of the garnishee at the time of service of the attachment. Plaintiffs filed responsive answers thereto, wherupon within 20 days a motion for judgment on the pleadings was filed. That motion was overruled on the ground of having been filed

before the pleadings were closed. Thereupon both defendants and garnishee filed preliminary objections to plaintiffs' answers to their preliminary objections. More than 10 days thereafter, without either stipulation of the parties or allowance by the court, plaintiffs filed amended answers to defendants' and garnishee's original preliminary objections. No question of the timely filing of the amended answers was raised but both defendants and garnishee filed preliminary objections "in the nature of a demurrer" to plaintiffs' amended answers. After argument on briefs and supplemental briefs the matter is before us for decision. The preliminary objections to the amended answers must be sustained.

The preliminary objections before us amount to an attack on jurisdiction under Pa. R.C.P. 1268 (b), supra, on the ground they allege that "the property was either immune or exempt from attachment or was not the property of the defendant." That is the narrow question for decision. We think the fund was not attachable.

To be subject to attachment interests in property must be certain or there must be a standard under which they can be calculated and made certain. Claims which have not yet ripened, but depend upon the happening of an event which may not occur, are not attachable: 2 Goodrich-Amram §1252-9, p. 30. Foreign attachment will not lie against property of a defendant held by a garnishee for a particular purpose and not subject to the absolute control of defendant: Goodrich-Amram §1252-10, p. 31. In Benedict & Eberle Co. v. Hollman, 68 Pa. Superior Ct. 155, at page 159, the test is said to be whether, at the time a writ of attachment execution is served, the debtor could have maintained an action against those in possession of the fund for its recovery, and where the garnishee had accepted the duties created

by an escrow agreement it was bound to distribute the fund in accordance with the conditions of the escrow unless paramount authority intervened. Hence the fund was not subject to attachment. See also Fried & Gerber, Inc. v. American Bleacher Corporation, 37 D. & C. 2d 101, 103-4.

A creditor proceeding by foreign attachment treats the contract by which garnishee acquired possession of the fund in his hands as valid. He cannot seize the property of a third party though temporarily held by the debtor, or moneys held by him for another. His rights can rise no higher than those which defendant had against garnishee, and garnishee's liability is measured by his own responsibility if the debtor himself had brought an action to recover. Thus if the debtor has no cause of action the attachment must fall. The same principle applies when funds are held on special deposit. Where funds have been deposited to be used for payment of specific claims there is an appropriation which places them beyond the grasp of one attempting to attach them, and the retention of the right to the balance remaining after payment of the claims provided for will not affect the status of the parties: Austin-Nichols & Co., Inc. v. Union Trust Co., 289 Pa. 341, 346-7. Such is not the case of one who puts aside assets for his own use so as to deprive creditors of their rights therein. See Nolan v. Nolan, 218 Pa. 135, cited in Austin-Nichols, supra.

Where at the time of service of a foreign attachment the debtor could not withdraw the fund, it being pledged for a specific purpose, the fund is not subject to foreign attachment: Willis v. Curtze, 203 Pa. 111. Furthermore it is wholly inconsistent for plaintiff in the attachment to set up in that proceeding that by virtue of some notice to and demand upon garnishee, wholly apart from the attachment,

garnishee was not indebted to defendant-debtor but became directly indebted to plaintiff-creditor in the attachment. Such a claim negatives the very principle at the root of an attachment, viz., that garnishee owes the money to defendant-debtor, as whose property plaintiff in the attachment seeks to recover it: Mignatti v. General Mortgage Financing Corporation, 325 Pa. 113, 116.

The facts established by the pleadings show that at settlement for purchase of defendants' lands by Brown and wife, held August 15, 1967, at the office of Title Abstract Company of Pennsylvania, defendants made and delivered to the title company, now garnishee, a written escrow agreement whereby they requested garnishee to retain in escrow $4,050 from the settlement funds "To satisfy judgment Robert Roach and Charles G. Roach, T/A Roach Brothers v. H. Spencer Nilson and Margaret M. Nilson, foreign attachment for damages assessed at $3,-577.49, filed April 25, 1967, in Judgment Docket G-5, page 383, no. 39, or pending further order of the Court of Common Pleas of Chester County," authorizing garnishee in the event its insurance was imperiled to use any or all of the fund retained to protect its insurance, and agreeing to indemnify it from any loss it might sustain by reason of issuing its title policy clear of objection based on the judgment referred to. They further provided that, on fulfillment of the escrow conditions "which are to be approved by your company in writing," garnishee was authorized to pay the escrow fund to defendants, subject to withholding from the fund any expense incurred by garnishee as a result of litigation or otherwise arising out of the holding of the fund, and in the event the amount retained was insufficient defendants agreed to deposit the additional amount necessary. There is no evidence of fulfill-

ment of the purpose of conditions of the escrow or that garnishee ever in writing approved the fulfillment of those conditions.

By the writ plaintiffs sought to attach the escrow deposit which was held for a stated purpose, i.e., satisfaction of a specific judgment or pending further order of this court. Under the authorities above cited neither the fund nor defendants' expectancy interest in the fund was subject to foreign attachment. The fund was not subject to attachment because it was deposited for a specific purpose and was thus not within defendants' complete control nor was their ownership of it unconditional. Defendants' expectancy interest in the fund, which is no more than a kind of "possibility of reverter," is far from certain; there is no standard by which, as of the date the writ was served, it could be calculated and made certain; and since it depended on the happening of one or more events which might not occur it was not attachable. Mere retention of the right to it, if any, did not change the status of the parties: Austin-Nichols, supra.

In the view we take of the matter we do not reach nor decide the question of validity of defendants' attempt to assign their expectancy interest in the fund. Suffice it to say that if there has been a prior valid, legal assignment of the fund judgment cannot be entered herein against the garnishee: Austin-Nichols, supra, at 346. Equity will enforce an assignment of contingent interests and expectancies as well as things which have no present actual or potential existence but rest in mere possibility: 3 P. L. Encyc., Assignments, §4; Collins' Appeal, 107 Pa. 590; Commonwealth v. Langenfelder, 38 D. & C. 2d 605. But, whatever remedies plaintiffs may have by fraudulent debtor's attachment or otherwise, they are not cognizable in this proceeding.

And now, March 27, 1969, defendants' and garnishee's preliminary objections to plaintiffs' amended answers are sustained and the foreign attachment is dissolved.