## Adolph Bergman Building & Loan Association v. Blaul et al. (Germantown Trust Company, Appellant).

Argued January 30, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. Heyward Myers, Jr.*, with him *Murdoch K. Goodwin*, of *Morgan, Lewis & Bockius*, for appellant.

*Samuel Abramson*, for appellee.

OPINION BY MR. JUSTICE LINN, March 25, 1935:

This appeal is governed by Aarons v. Public Service Building & Loan Association, defendant, Integrity Trust Company, garnishee, this day decided; ante page 113. Mabel Blaul, one of defendants, was indebted to Germantown Trust Company, hereafter called the bank, in the sum of $1,000 on two demand notes of $500 each, one dated January 13, 1932, and the other August 23, 1933, each secured by collateral, and also providing that the bank shall have as additional security a lien upon "all funds, moneys, balances, stocks, bonds, notes and other property" of the maker at any time in the hands of the bank.

On November 24, 1933, plaintiff entered judgment against defendants, and, on January 24, 1934, issued attachment execution, served on the bank as garnishee January 26, 1934. In answers to interrogatories, the bank stated that, when the writ was served, defendant, Mabel Blaul, had $221.68 to her credit in a checking account, and that, by the terms of the notes, the bank claimed a lien on that balance and "that no part of said balance is subject to the writ of attachment herein." The bank also averred that it held, as collateral, three

$1,000 bonds specifically described. A rule for judgment for want of sufficient answers, was made absolute for $221.68, the amount of the credit in the checking account.

In the opinion filed in the common pleas, it was said that while the contracts gave "the garnishee a lien upon the deposit account," the bank's failure "to exercise its right to call the loan raises the question of estoppel." The same view, as we understand it, was taken by the Superior Court (115 Pa. Superior Ct. 329). There is nothing in the record to raise estoppel, nothing to show any reason why the bank should have pursued its borrower prior to the attachment, or of which the attaching creditor can be heard to complain. There is nothing in the record that would require the bank to close the checking account by crediting the amount on the notes before the attachment was served. As they were demand notes, and therefore due and payable, it is, for the purposes of this case, immaterial, as between the bank and the depositor, whether the notes gave the bank a lien or not. Section 22 of the Act of 1836, P. L. 755, 12 P. S. 2113, under which plaintiff issued its writ, expressly provides that the attachment of a bank deposit or debt is "subject nevertheless, to all lawful claims thereupon, of such body corporate, or person." What was said on the subject in Aarons v. Public Service Building & Loan Association, supra, is controlling in this case.

The judgments entered in the Superior Court and in the common pleas are reversed and the record is remitted with a procedendo.