**FALLS CHURCH BANK, a banking corporation, Appellant,**

v.

**WESLEY HEIGHTS REALTY, INC., a corporation, and Leopold Boeckl, Appellees.**

**No. 4765.**

District of Columbia Court of Appeals.

Submitted July 15, 1969.

Decided Oct. 3, 1969.

---

---

Harry Protas and Robert L. Kay, Washington, D. C., were on the brief, for appellant.

H. Nathaniel Blaustein, Washington, D. C., entered an appearance for appellees but filed no brief.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

HOOD, Chief Judge:

The sole issue on this appeal is whether, and under what circumstances, may a depositary bank achieve the status of holder in due course of negotiable paper deposited with it by a customer. The facts are undisputed.

The appellees drew a check for $1,400.00, payable to the order of a customer of appellant bank. The customer deposited this check in his account with the bank and was given a provisional credit of this amount. The customer was permitted to withdraw $140.00 from this account prior to the bank's discovering that appellees had stopped payment on the $1,400.00 check. When the check was returned to the bank dishonored, the bank's customer had "skipped", leaving no credits in his account on which to charge the $140.00. The bank, thereupon, made demand on appellees for that amount and when appellees refused, this action was brought.

At trial appellees moved for, and were granted, judgment on grounds that the bank "was an agent for collection only and did not have a security interest and was not a holder in due course for value."

We reverse. The Uniform Commercial Code, which controls in this case,[1] expressly provides that a bank acquires a security interest in items deposited with it to the extent that the provisional credit given the customer on the item is withdrawn. U.C.C. § 4–208. It further provides that, for purposes of achieving the status of holder in due course, the depositary bank gives value to the extent that it acquires a security interest in the item in question. U.C.C. § 4–209.

We agree that appellant bank is deemed by the Uniform Commercial Code to be an agent of its customers (§ 4–201) but under the scheme of the Code, a "bank may be a holder in due course while acting as a collecting agent for its customer." Citizens Bank, Booneville, Ark. v. National Bank of Commerce, 334 F.2d 257, 261 (10th Cir. 1964). See also, cases collected at 18 A.L.R.3d 1388–1391.

As a holder in due course as to $140.00, appellant's claim cannot be defeated except

---

1. The U.C.C. was in force in both the District of Columbia—where the dishonored check was drawn, and issued by appellees—and Virginia—where the check was deposited with appellant—at all times material to this case. Thus, no conflict of laws is presented.

by those defenses set out in U.C.C. § 3–305 (2), none of which are herein alleged. The judgment below is, accordingly

Reversed with instructions to enter judgment for appellant.