**SECURITY BANK, a Corporation,**
**Appellant,**

v.

**WHITING TURNER CONTRACTING CO.,**
**Inc., Appellee.**

**No. 5420.**

District of Columbia Court of Appeals.

Argued Dec. 1, 1970.

Decided May 5, 1971.

Leonard C. Collins, Washington, D. C., for appellant.

John Geyer Tausig, Washington, D. C., for appellee.

Before HOOD, Chief Judge, GALLAGHER and REILLY, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from the grant of summary judgment in this proceeding, which involves the "first money in, first money out" rule, otherwise known as "first in, first out" or "FIFO." The parties entered into a stipulation of the facts and then cross-motions for summary judgment were filed. The sole issue in the trial court was the correct amount of damages.

This suit brought by appellant Security Bank (the bank) against appellee Whiting Turner Contracting Company (Whiting) involves a check for $149,266.44 issued by Whiting to Ray Gains, Inc. on February 10, 1969, and deposited and credited to the Gains, Inc. account in the bank the same day. At the close of business on that day, there was a credit balance in the Gains, Inc. account of $172,378.32, there having been a balance of $53,455.05 in the account prior to the deposit of this check. On February 11, 1969, another deposit in the amount of $2,823.33 was credited to the Gains, Inc. account. On February 12, 1969, Whiting stopped payment on the check for $149,266.44; and it is agreed that the stop payment was justified. On February 13, 1969, the bank was advised that the check had been dishonored. Between February 10th, when the check for $149,266.44 was deposited by Gains, Inc., and the receipt of the notice of dishonor on February 13th, the bank had cashed various checks drawn on the account of Gains, Inc. By debiting the entire amount of the dishonored check against the Gains account on that day, the bank found that the depositor was then overdrawn on the 13th by $721.48. It entered this figure on the depositor's balance statement as the deficit for that day in the

Gains account. Moreover, the parties are in agreement—and the balance statement so reflects—that had not the Gains account been previously credited with the $2,823.33 check deposited subsequent to the original receipt of the Whiting check, the overdraft at the crucial time would have amounted to $3,544.81.

The bank contends, essentially, that it is entitled to recover $3,544.81, rather than $721.48 as found by the trial court, because under D.C.Code 1967, § 28:4–208 and § 4–209 it was a holder in due course of the $149,266.44 check drawn by Whiting to the extent of its security interest of $3,544.81 since it had given credit against the check in that amount, this being the full amount of all withdrawals permitted against that check prior to the receipt of the dishonor notice. This is so, argues the bank, because under the "first in, first out" rule contained in the District of Columbia Code,[1] the checks honored in the amount of $3,544.81 are to be charged against the credit first given; and the credit first given here was for Whiting's check of $149,266.44. Furthermore, says the bank, Gains, Inc. was indebted to the bank on notes totaling more than $200,000 and it was entitled to apply the subsequent deposit of $2,823.33 against this indebtedness by virtue of its general common-law right of setoff. The bank contends that to affirm the judgment entered by the trial court for $721.48 would be to deny its common-law right to set off the $2,823.33 against other indebtedness of Gains, Inc. to the bank.

The bank is correct in saying the "first in, first out" rule applies in this jurisdiction. D.C.Code 1967, § 28:4–208(2).[2] It is evident tht the bank gave credit in the amount of $3,544.81 against Whiting's check for $149,266.44 prior to the dishonor notice and thus had a security interest of the former amount.[3] Applying the "first in, first out"

1. D.C.Code 1967, § 28:4–208(2).

2. The contention of appellee Whiting to the contrary is without merit. Subsection 2 of Article 4, Section 208 provides:

For the purpose of this *section*, credits first given are first withdrawn. (Emphasis added.)

3. D.C.Code 1967, § 28:4–208.

rule, and if there were no other considerations, Whiting would owe the bank $3,-544.81. But there are other considerations. When it received the dishonor notice the bank chose to exercise its right to apply the later deposit by Gains, Inc. of $2,823.33 against the $3,544.81 and note on its records an overdraft of the difference between the two amounts of $721.48.

The bank complains, however, that it did not receive the $2,823.33 for credit against Whiting's check and that if it had it would agree with Whiting that it was entitled only to $721.48, as the trial court found. To us, this is immaterial. The fact remains that the bank elected to apply the $2,823.33 to the deficit. The effect of this action should be the same as if it 'had expressly received the $2,823.33 for this purpose.

What apparently brought this suit about was that, due to later developments, the bank preferred to use the $2,823.33 against the indebtedness on the notes by Gains, Inc. of more than $200,000 and hold Whiting accountable for the $3,544.81. But it had already utilized the $2,823.33 for another purpose. Aside from this, the record shows these notes were not yet due and owing to the bank at the time of these transactions; nor is there indication the bank had at that time called these loans for failure of collateral. Neither the affidavit filed by the bank's president in the trial court subsequent to the transactions in question nor the entries on the notes themselves show application of the $2,823.33 against this indebtedness which later matured.

Under these circumstances, the bank is entitled only to the amount of the overdraft, namely, $721.48,[4] and the judgment is

Affirmed.

4. *Cf.* Citizens Nat. Bank of Englewood v. Fort Lee S. & L. Ass'n, 89 N.J.Super. 43, 51, 213 A.2d 315, 320 (1965); *see also* Falls Church Bank v. Wesley Heights

Realty, Inc., D.C.App., 256 A.2d 915, 916 (1969).