**BALTIMORE AND ASSOCIATES, INC., Debtor,**

**Melvin M. Feldman, Trustee, Plaintiff,**

v.

**MUNICIPAL ESCROW AND TITLE CO., INC., Defendant.**

**No. Misc. 84–0109.**

United States District Court, District of Columbia.

Dec. 19, 1985.

James A. Harrihan, James P. Shaughnessy, Hogan & Hartson, Washington, D.C., for plaintiff.

Eugene J. Fitzpatrick, Washington, D.C., for defendant Melvin Feldman.

## MEMORANDUM ORDER

### (Denying Motion for Relief From Judgment)

BARRINGTON D. PARKER, Senior District Judge.

Riggs National Bank of Washington, D.C. ("Riggs"), a garnishee in this action, seeks relief from a judgment entered against it on July 17, 1984 in favor of the plaintiff Melvin M. Feldman. Riggs claims that the judgment was based on the mistaken premise that it held assets belonging to the defendant Municipal Escrow and Title Co. ("METCO") that could be garnished by the plaintiff. As explained below, the Court determines that the requested relief cannot be granted and the judgment must be enforced.

## BACKGROUND

This case arises from a judgment entered on October 8, 1982 against METCO in the

U.S. District Court for the District of Maryland. On April 17, 1984, plaintiff Feldman filed a certified copy of that foreign judgment in this Court. Later, he filed an attachment on the judgment accompanied by interrogatories which were served on Riggs on June 20, 1984. Riggs responded to the interrogatories on June 29, 1984, indicating that it was "holding $3,384.85 net of outstanding bank charges and subject to final payment of checks accepted by us for clearance."

On July 10, 1984, the plaintiff filed a motion for a judgment of recovery against credits in the possession of the bank. According to a certified mail receipt, Riggs received this motion on July 9, 1984, but did not respond to or contest it in any way. On July 17, 1984, Judge Aubrey Robinson, Jr. entered an order granting judgment of recovery of $3,384.85 in favor of the plaintiff, the amount Riggs previously certified on June 29, 1984.

On September 7, 1984, Riggs filed a motion for relief from Judge Robinson's order together with supplemental interrogatory answers, indicating that since May 24, 1984, METCO's account with Riggs had been overdrawn in the amount of $344,-073.43. An affidavit by David Lesser, Vice-President and Associate General Counsel of Riggs ("Lesser affidavit"), submitted to the Court on December 5, 1984, provides some clarification. METCO had two accounts with Riggs numbered 07-235-*128* ("128 Account") and 07-235-*136* ("136 Account"). As of May 24, 1984, the 128 Account was overdrawn by $344,-037.43. The interrogatory answer filed on June 29, 1984, however, referred to the 136 Account. According to Riggs, it was thus not indebted to METCO at the time that its original interrogatory answers were prepared and submitted. Riggs argues that the July 17 order was based on erroneous facts which it supplied and therefore should be vacated.

## DISCUSSION

■ It is well established that a bank generally has the right to set off its debts to a customer, such as account balances, against debts owed to it by that customer because of other transactions. 5A *Mitchie on Banks and Banking* ch., 9, § 114 (1983). Moreover, this right does not have to be exercised before a writ of attachment is served by another creditor. The bank may exercise its right of setoff once a depositor's account is threatened by attachment. *General Electric Credit Corp. v. Tarr*, 457 F.Supp. 935, 937 (W.D.Pa.1978).

Nevertheless, in most jurisdictions, setoff does not occur automatically when depositors become indebted to their banks. *See* 5A *Mitchie on Banks and Banking*, ch. 9, § 123 ("Ordinarily it is optional with a bank whether it will avail itself of the right to apply a deposit to the payment of the indebtedness of the depositor."). In *Baker v. National City Bank of Cleveland*, 511 F.2d 1016 (6th Cir.1975), the trustees of a railroad undergoing reorganization sought to recover a portion of the railroad's checking account that had been setoff by the defendant bank against outstanding loan indebtedness. The bank claimed that the setoff had been exercised the day before a federal district court entered an order in the bankruptcy proceeding enjoining all creditors holding any deposit balances or credits of the railroad from offsetting those credits against the railroad's obligations. The court held that under Ohio law a setoff is accomplished only after three steps have been taken: "1) the decision to exercise the right, 2) some action which accomplishes the setoff and 3) some record which evidences that the right of setoff has been exercised." *Id.* at 1018. It then determined that a mere telephone call between two officers of the bank was not a sufficient affirmative act to exercise the right to setoff and therefore disallowed the bank's action.

While no case or statutory provision directly addresses this issue in the District of Columbia, D.C.Code § 28:4-303 (1981) speaks of a "setoff *exercised* by a payor bank" and sets out a series of specific events after which such action will be ineffective. In the absence of a more specific

provision on the subject, this language suggests that in the District of Columbia set-off does not occur automatically. Some affirmative act is necessary in order to exercise the right.[1]

Baker involved a right to setoff which was asserted subsequent to a court order specifically prohibiting such action. A similar result has been reached in cases where the Internal Revenue Service has levied upon a depositor's bank account to collect delinquent taxes. Unless the bank has already *exercised* its right of setoff, the tax levy extinguishes that right. *See United States v. Citizens and Southern National Bank,* 538 F.2d 1101 (5th Cir. 1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); *United States v. Sterling National Bank & Trust Co. of New York,* 494 F.2d 919 (2d Cir.1974).[2]

Riggs argues that it still had the right to exercise a setoff against the funds in METCO's account after the writ of attachment was served on June 20, 1984. This is undoubtedly true. *See Tarr,* 457 F.Supp. at 957. The crucial date here, however, is not June 20, but rather July 17, 1984, the date of the court order entering a judgment of recovery against Riggs.

When the time of a setoff is at issue, the bank must produce evidence to show when it actually occurred. *Baker,* 511 F.2d at 1018. There is nothing in the record to indicate that Riggs took any affirmative action prior to July 17, 1984 to apply the funds it held in METCO's 136 Account to the overdraft in the 128 Account. Riggs did not respond to the motion for judgment, as it might have been expected to do if the setoff right had been exercised once the 136 Account was threatened with attach-

ment. Furthermore, while the Lesser affidavit states specifically that Riggs had not exercised the right of setoff before June 21, 1984, Lesser affidavit at ¶ 9, it does not go on to indicate when or if the setoff was in fact exercised. Nor was any further documentation submitted to support Riggs' motion to vacate the judgment. The circumstances of this case suggest to the Court that Riggs discovered its right to setoff only after Judge Robinson's July 17, 1984 order.

A bank's right to setoff cannot continue indefinitely. To vacate the judgment in this case would be to suggest that banks can attack a garnishment at any later time if they discover accounting errors or pure oversight of possible setoff rights. Such a result would threaten the finality of financial transactions and the security of the banking system. Accordingly, it is this 19th day of December, 1985,

### ORDERED

That the motion of the Riggs National Bank of Washington, D.C. seeking relief from the order of July 17, 1984 granting judgment of recovery in favor of the plaintiff is denied.

That Riggs National Bank of Washington, D.C. shall comply forthwith with the order entered on July 17, 1984.

---

1. While not addressing the issue in this case, the District of Columbia Court of Appeals in *Security Bank v. Whiting Turner Contracting Co.,* 277 A.2d 106 (D.C.1971), also suggests that the right to setoff is not automatically exercised, but instead is dependent on affirmative action. The plaintiff bank in that case sought to setoff a deposit to a third party's account against the indebtedness of the account holder. The court found that the deposit had already been utilized to reduce the liability of the defendant who had stopped payment on a check of the account

holder. The court stated: "Neither the affidavit filed by the bank's president in the trial court subsequent to the transactions in question nor the entries on the notes themselves show application of the $2,823.33 against this indebtedness which later matured." *Id.* at 108.

2. *Pittsburgh National Bank v. United States,* 657 F.2d 36 (3d Cir.1981), is to the contrary, but that case held that Pennsylvania law recognizes a doctrine of automatic setoff.