**UNITED STATES of America, Plaintiff,**

v.

**FIRST NATIONAL BANK AND TRUST COMPANY, Defendant.**

**Civ. A. No. 84–239.**

United States District Court, W.D. Pennsylvania.

April 4, 1988.

the *ad damnum* clauses, and the basis of federal jurisdiction.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., Stuart M. Fischbein, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

William M. Hoffman, Karlowitz, Sherman & Picadio, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

DIAMOND, District Judge.

This is an action by the plaintiff to recover the value of certain property plus interest, costs and a penalty of fifty percent (50%) of that value pursuant to 26 U.S.C. § 6332(c)(1) and (2), as a result of defendant's failure to surrender on plaintiff's demand certain property of a delinquent taxpayer. The property in question is a $25,-000 certificate of deposit made by Bert Gigli, Jr. ("taxpayer") to secure extensions of credit[1] by the defendant bank to a corporation of which the taxpayer was president and principal shareholder. Presently before the court are cross-motions for summary judgment.

On October 16, 1985, this court issued an opinion and order granting summary judgment for the plaintiff on the grounds that there are only two defenses to an action to recover property pursuant to § 6332, *see United States v. Citizens & Southern National Bank,* 538 F.2d 1101 (5th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 1580, 51 L.Ed.2d 792 (1977), neither of which were available to this defendant.[2] Subsequently, the defendant brought to the court's attention *United States v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). In that case, the Supreme Court recognized a third defense to a § 6332 action, namely, that at the time of levy, the levied property did not constitute property or rights to property of the taxpayer. *Id.* at 722, 105 S.Ct. at 2925. Since the court had not considered this specific issue, defendant's motion to reconsider was granted. Accordingly, the sole issue before the court is whether the taxpayer in the present case had any interest in the certificate of deposit at the time of levy.

The defendant asserts that the taxpayer did not have a property interest in the certificate of deposit at the time of levy for essentially two reasons. First, the defendant argues that under the *National Bank of Commerce* case, 472 U.S. 713, 105 S.Ct. 2919, the taxpayer in the present case lacked a property interest in the certificate of deposit because the taxpayer lacked the absolute right to withdraw the funds in the bank at the time of levy. Second, the defendant argues that under the principles of Pennsylvania law set forth by this court in *Pittsburgh National Bank v. United*

---

1. At the time of the government levy, July 8, 1981, these extensions of credit were a $25,-000.00 irrevocable letter of credit obligation, a $111,478.41 mortgage obligation, and a $40,-716.00 demand obligation.

2. This opinion assumes familiarity with this court's earlier memorandum opinion.

*States*, 498 F.Supp. 101 (W.D.Pa.1980), *aff'd* 657 F.2d 36 (3d Cir.1981), the taxpayer lacked a property interest in the deposit since at the time of levy, the defendant had the right to automatically setoff the deposit against the demand obligation for which the deposit was collateral.[3] For the reasons set forth below, the court agrees with defendant's second assertion and will grant defendant's motion for summary judgment.

■ Regarding defendant's first assertion under *National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, the court notes that in that case, the Supreme Court recognized that a bank served with an IRS notice of levy could assert a successful defense by showing that the account in question "did not constitute 'property or rights to property'" of the taxpayer. *Id.* at 722, 105 S.Ct. at 2925. The Court stated that the question of whether the taxpayer had a legal interest in the property is to be determined by application of state law. *Id.* (citing *Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960)).

In the *National Bank* case, the property in question was a joint bank account. The Court noted that under the taxpayer's contract with the bank, the relevant state law, and by stipulation of the parties, the taxpayer had the "absolute right" to withdraw the full amounts on deposit, notwithstanding the joint nature of the account. *Id.*, 472 U.S. at 724, 105 S.Ct. at 2926. The Court concluded that "[c]ommon sense dictates that a right to withdraw qualifies as a right to property for purposes of §§ 6331 and 6332." *Id.* at 725, 105 S.Ct. at 2927.

Although an absolute right to withdraw funds from a bank sufficiently shows a right to property within the meaning of § 6332, this court concludes that it does not follow that an inability to make withdrawals is equally compelling to show a lack of any interest in the property sufficient to constitute the defense recognized in *National Bank*. Thus, the assertion by the defendant that the taxpayer in the present case lacked the ability to withdraw funds

from the certificate of deposit because it was collateral for the letter of credit and other loans are not sufficient under *National Bank* to show that the taxpayer lacked any interest in the deposit.

■ The defendant also argues, however, that the principles of Pennsylvania law as outlined by this court in *Pittsburgh National Bank v. United States*, 498 F.Supp. 101, support the conclusion that the taxpayer in the present case lacked any interest in the deposit in question. In that case, the bank had sued the IRS challenging a levy made against one of its depositor's accounts which had been pledged to the bank as security for an outstanding loan. The court noted that under Pennsylvania law, "where a demand note exceeds the debtor's deposits in which the bank has been given a security interest, the bank may setoff, at any time against the note, the debtor's deposits on hand." *Id.* at 104 (*citing Duffy v. Building and Loan Association*, 325 Pa. 127, 189 A. 307 (1937), *Aarons v. Public Service Building and Loan Association*, 318 Pa. 113, 178 A. 141 (1935)). This court went on to note that the Pennsylvania Supreme Court has held that this right of setoff actually extinguishes the depositor's rights to draw upon the deposit leaving nothing belonging to the depositor. *Id.* (*quoting Aarons*, 318 Pa. at 116, 178 A. 141). The court then held that since at no time after the debt had matured could the taxpayer have compelled the bank under state law to deliver any of the money on deposit, "the taxpayer had no property right in the account, and there was nothing to which the government's levy could attach." *Pittsburgh National Bank*, 498 F.Supp. at 104 (citation omitted).

The right of automatic setoff under Pennsylvania law referred to in the *Pittsburgh National Bank* case only applies, however, when the debt owed to the bank by the depositor is mature. 498 F.Supp. at 104; *see Pittsburgh National Bank v. United States*, 657 F.2d 36, 38 (3d Cir.1981) (*citing Aarons v. Public Service Building and Loan Association*, 318 Pa. 113, 116,

---

**3.** The defendant concedes that this argument does not apply to the letter of credit or mortgage obligations since those debts were not yet mature at the time of levy.

178 A. 141 (1935); *General Electric Credit v. Tarr*, 457 F.Supp. 935 (W.D.Pa.1978)). The defendant claims that in the present case, the $40,716.00 demand obligation was such a mature debt giving the bank the right to automatically setoff the $25,000 certificate of deposit against the demand note at the time of levy.

The plaintiff, however, contests the maturity of the demand note. Specifically, the plaintiff claims that the mere fact that the debt was a demand obligation does not, in and of itself, make the debt mature. Rather, plaintiff argues that the obligation must also be in default; and, insofar as the obligation was not in default in the present case, the debt was not mature and no right of automatic setoff applied.

Under Pennsylvania law, a "demand note is due and payable immediately at the option of the holder." *Cheltenham National Bank v. Snelling*, 230 Pa.Super. 498, 326 A.2d 557, 558 n. 1 (1974) (*citing Master Homecraft Co. v. Zimmerman*, 208 Pa.Super. 401, 222 A.2d 440 (1966)). Regarding maturity, the Pennsylvania Supreme Court has stated that "a demand note has, in a sense, no maturity since payment is due immediately on execution and delivery, without any demand." *Heimpel v. First National Bank & Trust Co.*, 337 Pa. 425, 12 A.2d 28, 30 (1940) (citations omitted). The court conceded that since the demand note was at all times due and payable, it had "matured." *Id.* (citation omitted).

The district court decision cited by the plaintiff, *General Electric Credit Corp. v. Tarr*, 457 F.Supp. 935 (W.D.Pa.1978), is not to the contrary. In that case, the court had to determine, as in the present case, whether or not the demand obligation was a mature debt and, thus, subject to a valid setoff by the bank. In concluding that the debt was mature, the court relied on the fact that the debtor had defaulted by filing a bankruptcy petition. *Id.* at 937–38. From that reliance upon default, the plaintiff would have this court impose a similar requirement in the present case. However, the terms of the demand note in the *General Electric* case specifically provided that the note would become " 'immediately due and payable' " upon the happening of certain events, one of which was the commencement of bankruptcy proceedings. *Id.* at 938. Thus, in that case, it could not be said that the demand note was at all times due and payable. There is no similar limitation in the present case. Although in the March 21, 1980, agreement, the bank agreed to accept payment of the demand obligation in monthly installments, the agreement specifically provided that "[n]otwithstanding that Bank has agreed to accept payment of the Loan in monthly installments, the Loan shall remain payable to the Bank on demand." Exhibit C to Supplemental Affidavit of Muriel A. Colbert in Support of Defendant's Motion for Summary Judgment at 3.

Thus, although the court agrees with plaintiff that the parties to a demand note may change the nature of a demand obligation by contract as in *General Electric*, the court concludes that the parties in the present case did not make such a change, notwithstanding the agreement to accept monthly payments. Therefore, the demand obligation was mature at the time of levy; and since it exceeded the amount on deposit, the defendant had the right automatically to setoff the certificate of deposit against the demand obligation. Because of this right of setoff, the taxpayer had no property right in the certificate of deposit at the time of levy and there was nothing to which the government's levy could attach. Accordingly, defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

An appropriate order will follow.